Pearson, J.
 

 In the will of John Wood there is this clause: “I leave unto lohn S. Wood the use of the lots and improvements, whereon he now lives, until m'y son» Charles, arrives to twenty-one years, or for four years after my death : then I wish them to be sold and the amount equally divided among my grand children by my daughter Emily Skinner, on condition, that he, the said John S. Wood, will keep them in repair, and assist my wife in the managemen t of the farm
 
 and settlement of my estate
 
 .’V — - And, after several other bequests and devises, there is this clause : “I hereby nominate and appoint my wife, Mary M. Wood, and my son, Charles W. Wood, executrix and executor to this my last will, (Charles to qualify when he arrives at twenty-one years of age;) and I wish my wife to act as testamentary guardian until he arrives at that age.”
 

 “I request the favor of my nephew, John S. Wood, to attend to and assist my wife in her business, until my son Charles becomes capable of doing so, or longer, if necessary, and to employ other counsel and advice when necessary, for which I wish her to compensate him.”
 

 The will was executed in July 1846, at which time the testator was in feeble health, but he recovered and lived until
 
 January
 
 184S. Charles Wood arrived at the
 
 age
 
 of twenty-one in March 1850. The plaintiffs are the children of Emily Skinner; and they insist, that the interest of John S. Wood, in the lot, &c., ended when Charles arrived at age The defendant, John S. Wood, insists, that he is entitled to the use of the property for four years after the testator’s death.
 

 
 *133
 
 The use of the property was intended as compensation for the services of John S. Wood. These services would be required until the son arrived at full age and qualified as co-executor with his mother. We can therefore see a reason for giving the use of the property until that time, viz,, to make the compensation co-extensive with the period, during which the services were to be performed.
 

 But we are unable to conceive of a reason forgiving the use for four years after the testator’s death. Why not for two, three, or five years ? This is not a
 
 pure gift,
 
 but is a compensation for services to be rendered ; and it will not do to reply, that a testator may give as he chooses, and we have no right to ask, why ? or to examine into the cause moving to the gift, for the purpose of ascertaining its extent.
 

 At
 
 the date of the will, supposing the testator imagined his death near at hand, the two periods fixed on are the same. He lived nearly two years thereafter, and this circumstance makes the two periods differ widely, and renders it necessary to adopt one and reject the other.
 

 But the last provision relieves the question from all doubt. He requests John S. Wood to assist in managing the business, until his son becomes capable of doing so, or
 
 longer if necessary,
 
 for which he
 
 directs “his executrix to compensate him.”
 
 If the use was to be for four years after his death, there would be compensation for two yea-s longer than he hoped the services would be necessary, aud for these two j'ears the compensation would be double — one, by the use of the property, and another, that w hich the executrix is directed to make. Whereas, if the compensation, provided by himself, terminates when his son arrives at age, it is consistent to direct his execu-t ixto make compensation, in the event that the services should be required fora longer time.
 

 It must be declared !o be the opinion of the Court, that the gift to John S. Wood terminated when Charles Wood
 
 *134
 
 -arrived at the age of twenty-one years. There must be an order for a sale of the property, and a reference to -take an account of the rents and profits since that time.
 

 Per Curiam. Decree accordingly.